Patrick T. Holscher, WSB #5-2724
Judith Studer, WSB #5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099
pat@schwartzbon.com
jstuder@schwartzbon.com

*Attorneys for Homeland Insurance Company of New York*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Case No. 2:16-bk-20326 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Adv. No. 2:18-ap-02021 |
| | ) | |
| Debtor. | ) | |
| | ) | **DEFENDANT HOMELAND** |
| SCOTT J. GOLDSTEIN, TRUSTEE OF | ) | **INSURANCE COMPANY OF** |
| THE POWELL VALLEY HEALTH CARE, | ) | **NEW YORK'S MEMORANDUM** |
| INC., PERSONAL INJURY TRUST, | ) | **OF POINTS AND AUTHORITIES** |
| | ) | **IN SUPPORT OF MOTION TO** |
| Plaintiff, | ) | **WITHDRAW THE REFERENCE** |
| | ) | **FROM THE BANKRUPTCY** |
| v. | ) | **COURT** |
| | ) | |
| HOMELAND INSURANCE COMPANY | ) | |
| OF NEW YORK, and WYOMING | ) | |
| FINANCIAL INSURANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# TABLE OF CONTENTS

**Page**

I. Introduction ........................................................................................... 1

II. Factual Background ............................................................................... 1

III. Standard ................................................................................................ 2

IV. Designation of Record .......................................................................... 3

V. Argument .............................................................................................. 3

    A. The Motion Is Timely ................................................................... 5

    B. Although this is a Core Proceeding, this Factor Favors Withdrawal Because the Bankruptcy Court Cannot Enter Final Rulings. ......... 6

    C. Homeland's Right to a Jury Trial Favors Withdrawal. ................. 8

        1. Homeland Has the Right to a Jury Trial. ........................... 8

        2. The Right to a Jury Trial is Cause to Withdraw the Reference. ........ 9

    D. The Efficient Use of Judicial and Party Resources Favors Withdrawing the Reference. ........................................................ 10

    E. The Uniform Administration of the Estate Favors Withdrawing the Reference. .................................................................................. 12

    F. Withdrawing the Reference Is Not Forum Shopping Because Defendant Filed the Motion Before any Adverse Decisions and Because There Is a Related Action Already Pending in the District Court. .......................................................................................... 13

VI. Conclusion .......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*In re Allegheny Health Education and Research Foundation*, 2006 U.S.
　　Dist. LEXIS 91548 (W.D. Pa. Dec. 19, 2006) ............................................. 5

*Baer v. Persels & Assocs. LLC (In re Chance)*, Case No. 12-ap-7059, 2013
　　WL 501392, 2013 Bankr. LEXIS 508 at *4 (Bankr. Kan. Jan. 16, 2013),
　　*adopting report and recommendation*, 2013 WL 501413, 2013 U.S.
　　Dist. LEXIS 16569 (D. Kan. Feb. 6, 2013) ............................................. 4-5

*In re Baldwin-United Corp.*, 57 B.R. 751 (S.D. Ohio 1985) ............................. 5

*Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710
　　(S.D.N.Y. 2016) ...................................................................... 10-11, 13

*In re Bill Johnson's Rests., Inc.*, Case No. 2:14-cv-00872, 2017 WL 25288,
　　2016 U.S. Dist. LEXIS 180701 (D. Ariz. Dec. 30, 2016) .......................... 14

*Bonney v. Vanguard Fiduciary Trust Co. (In re Owens),* Case No. 14-ap-
　　08017, 2015 Bankr. LEXIS 356 at *3 (Bankr. E.D. Okla), *adopting
　　report and recommendation*, 2015 U.S. Dist. LEXIS 10955 (E.D. Okla.
　　Jan. 30, 2015) ...................................................................... 10, 12

*Brown Publ. Co. Liquidating Trust v. Brown*, Case No. 15-mc-0531, 2017
　　WL 455418, 2017 U.S. Dist. LEXIS 14775 (E.D.N.Y. Feb. 1, 2017) ........................ 14

*Burdette v. Emerald Partners LLC*, 2015 U.S. Dist. LEXIS 93127 (W.D.
　　Wash. July 16, 2015) .................................................................... 13

*Burger King Corp. v. B-K of Kansas, Inc.*, 64 B.R. 728 (D. Kan. 1986) ............................ 5

*Cook v. Eastern Sav. Bank (In re Cook)*, Case No. 09-cv-803, 2010 WL
　　1734737, 2010 U.S. Dist. LEXIS 51541 (D.N.M. Apr. 19, 2010) ...................... *Passim*

*Cummings v. United States*, 648 F.2d 289 (5th Cir. 1981) .................................. 14

*Deeba v. McGinnis (In re Macco Props.)*, Case No. 10-16682, 2016 Bankr.
　　LEXIS 604 ........................................................................ 8

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R.
　　457 (S.D.N.Y. 2011) ................................................................ 7, 13

*Dynamic Drywall, Inc. v. McPherson Contrs., Inc.*, Case No. 6:15-cv-1229,
　　2015 WL 4744501, 2015 U.S. Dist. LEXIS 105858 (D. Kan. 2015) .......................... 12

DM1\8894010.1

*Envisage Dev. Partners, LLC v. Patch of Land Lending, LLC*, Case No. 17-cv-03971, 2017 WL 4551575, 2017 U.S. Dist. LEXIS 168281 (N.D. Cal. Oct. 11, 2017) ..................................................................10-11

*Everett v. Art Brand Studios, LLC*, 556 B.R. 437 (N.D. Cal. 2016) ................................. 11

*Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) .................................... 7

*Flemmer v. Newell (In re Vill. Concepts, Inc.)*, Case No. 2:14-cv-0021, 2014 U.S. Dist. LEXIS 38751 (E.D. Cal. Mar. 23, 2014) ........................................... 14

*Gipson v. KAS Snacktime Co.*, 83 F.3d 225 (8th Cir. 1996) ............................................... 8

*Goldstein v. Homeland Ins. Co.*, Case No. 18-ap-02021, ECF No. 1 (Bankr. D. Wyo. May 15, 2018) ............................................................................................... 15

*Granfinanciera v. Nordberg*, 492 U.S. 33 (1989) ............................................................... 8

*GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235 (2d Cir. 2001) ............................................ 8

*Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837 (C.D. Cal. 1990) ....................................................................................................................... 10

*Harris v. Davis (In re John Davis Trucking Co.)*, Case No. 3:17-cv-00096, 2017 WL 2972079, 2017 U.S. Dist. LEXIS 109270, 6-7 (D. Nev. July 12, 2017) ....................................................................................................................... 11

*Homeland Ins. Co. of New York v. Powell Hosp. Dist.*, Case No. 1:15-cv-00031, ECF No. 1 (D. Wyo. Feb. 27, 2015) .....................................................1-3, 15

*Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397 (S.D.N.Y. 1986) ........................................................................................................................... 6

*Kirschenbaum v. Fed. Ins. Co. (In re Ems Fin. Servs., LLC)*, 491 B.R. 196 (E.D.N.Y. 2013) ............................................................................................................. 15

*In re Lissner Corp.*, 115 B.R. 604 (N.D. Ill. 1990) ........................................................5-6

*Loveridge v. Hall (In re Renewable Energy Development Corp.)*, 792 F.3d 1274 (10th Cir. 2015) ............................................................................................... 7

*Mile High Indus. v. Cohen*, 222 F.3d 845 (10th Cir. 2000) ............................................... 8

*Miller v. Pierce*, Case No. 09-cv-96, 2009 WL 919441, 2009 U.S. Dist. LEXIS 55566 (E.D. Okla. Mar. 31, 2009) ................................................................... 9

iii

*Morris v. Persels & Assocs, LLC (In re Good)*, Case No. 10-13160, 2012
    WL 3066885, 2012 Bankr. LEXIS 3468 at *6–12 (Bankr. D. Kan. July
    27, 2012), *adopting report and recommendation*, 2012 WL 3644965,
    2012 U.S. Dist. LEXIS 120087 (D. Kan. Aug. 24, 2012) .................................4, 6-7, 9

*Mosier v. Callister, Nebeker, & McCullough*, Case No. 2:06-cv-677, 2007
    WL 951549, 2007 U.S. Dist. LEXIS 21984 (D. Utah Mar. 26, 2007) ..................... 4, 8

*Northen v. Windsor Invs. of N.C., LLC*, No. 1:16CV1023, 2017 U.S. Dist.
    LEXIS 2742 (M.D.N.C. Jan. 9, 2017) ........................................................................ 12

*In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 1
    (Bankr. D. Wyo. May 16, 2016) ........................................................................2-3, 15

*Roberts v. Roberts (In re Roberts)*, No. 5:14-mc-00157, 2015 U.S. Dist.
    LEXIS 26368 (S.D. W. Va. Feb. 24, 2015) ................................................................ 13

*Rodriguez v. Aichinger (In re Aichinger)*, Case No. 15-cv-00188, 2015 WL
    790536, 2015 U.S. Dist. LEXIS 21419 (D. Colo. Feb. 23, 2015) ................................ 9

*Simler v. Conner*, 372 U.S. 221 (1963) ............................................................................ 8

*Stern v. Marshall*, 564 U.S. 462 (2011) .......................................................................6-7

*In re The VWE Grp., Inc.*, 359 B.R. 441 (S.D.N.Y. 2007)............................................... 14

*Transcon. Refrigerated Lines, Inc. v. New Prime, Inc.*, 2013 U.S. Dist.
    LEXIS 157958 (M.D. Pa. Nov. 5, 2013) ...................................................................... 5

*Vacation Vill., Inc. v. Clark Cnty.*, 497 F.3d 902 (9th Cir. 2007) .................................... 12

*W. Utah Copper Co. v. Bridge Loan Capital Fund, LP*, Case No. 2:10-cv-
    1039, 2011 WL 52511, 2011 U.S. Dist. LEXIS 1249 (D. Utah Jan. 6,
    2011) .......................................................................................................................... 10

*Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) (Roberts,
    C.J., dissenting) ........................................................................................................... 7

**Statutes**

11 U.S.C. § 1141 ............................................................................................................ 13

28 U.S.C. § 157 ........................................................................................................4-5, 6, 9

## I.     INTRODUCTION

Homeland Insurance Company of New York ("**Homeland**") hereby seeks to withdraw from the Bankruptcy Court the reference of this case.  The District Court should preside over this case, not the Bankruptcy Court.  This case does not involve Powell Valley Health Care, Inc., the captioned debtor, ("**Debtor**") in any bankruptcy proceeding.  This case is closely related to a case currently pending in the District Court—a case that was filed more than a year before the underlying bankruptcy case.  In addition, this case should not proceed before the Bankruptcy Court, because the Bankruptcy Court is statutorily and constitutionally unable to enter final rulings in this case or preside over a jury trial.  For these reasons, Homeland moves to withdraw the reference to the Bankruptcy Court.

## II.     FACTUAL BACKGROUND

In February 2015, before the bankruptcy filing by the Debtor, Homeland filed a complaint against the Debtor in the United States District Court for the District of Wyoming ("**Coverage Litigation Complaint**").  Homeland Insurance Company of New York's Request for Judicial Notice ("**Request for Judicial Notice**"), Exhibit A, *Homeland Ins. Co. of New York v. Powell Hosp. Dist.*, Case No. 1:15-cv-00031, ECF No. 1 (D. Wyo. Feb. 27, 2015).  The Coverage Litigation Complaint sought declaratory relief that the insurance policies issued by Homeland did not cover certain events that led to the Debtor filing for bankruptcy (that litigation is referred to herein as the "**Coverage Litigation**").  *Id.* at ¶ 1.

1

Over a year later, on May 16, 2016, the Debtor filed for bankruptcy in the Bankruptcy Court in this District. *In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 1.

In January 2018, the Bankruptcy Court confirmed the Debtor's modified amended chapter 11 plan of reorganization. *Id.*, ECF No. 826 (Bankr. D. Wyo. Jan. 24, 2018). That plan became effective in March 2018. *Id.*, ECF No. 846 (Bankr. D. Wyo. Mar. 2, 2018).

In the bankruptcy case, Homeland did not file a proof of claim. *See* Request for Judicial Notice, Exhibit B, Claims Register, *In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326 (showing no claim filed by Homeland).

Five months after the Bankruptcy Court confirmed the Plan, Scott J. Goldstein, Trustee of the Powell Valley Healthcare, Inc., Personal Injury Trust ("***Trustee***"), filed the Complaint in this matter in the Bankruptcy Court against Homeland ("***Fraudulent Transfer Complaint***"). *Goldstein v. Homeland Ins. Co.*, Case No. 2:18-ap-02021, ECF No. 1 (Bankr. D. Wyo. May 15, 2018). The Fraudulent Transfer Complaint directly targets the Coverage Litigation. *Id.* at ¶¶ 4, 11. It asserts two fraudulent transfer claims, seeking to avoid Debtor's purchase of insurance policies from Homeland in the event Homeland wins the insurance coverage action, thereby nullifying the Court's decision in such event. *Id.* at ¶¶ 4, 13–27.

## III.   STANDARD

"A motion for withdrawal of reference shall be filed with the Clerk of the Bankruptcy Court . . . ." L.R. 85(c)(1); L.B.R. 5011-1(A). The motion should include a

designation "of the record necessary for the District Court's determination of the motion." *See* L.R. 85(c)(1)–(2).

Within fourteen days of the filing, "a party may file with the Clerk of the Bankruptcy Court and serve on affected parties an objection to the motion . . . ." L.R. 85(c)(2); L.B.R. 5011-1(A). After that, "[t]he bankruptcy clerk will transmit the motion to the United States District Court." L.B.R. 5011-1(A); L.R. 85(c)(4). The District Court will then be "heard by a district judge." Fed. R. Bankr. P. 5011(a).

## IV. DESIGNATION OF RECORD

Homeland designates the following portions of the bankruptcy record as necessary for determining this Motion:

- This Motion and the concurrently filed Request for Judicial Notice;

- Complaint, *Goldstein v. Homeland Ins. Co.*, Case No. 2:18-ap-02021, ECF No. 1 (Bankr. D. Wyo. May 15, 2018);

- Powell Valley Health Care's Chapter 11 Voluntary Petition, *In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 1 (Bankr. D. Wyo. May 16, 2016);

- Order Confirming Modified Amended Chapter 11 Plan of Reorganization from Powell Valley Health Care, Inc, *In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 826 (Bankr. D. Wyo. Jan. 24, 2018); and

- Notice of Plan Confirmation, Plan Effective Date, and Deadlines to File Administrative Claims, Requests for Payment of Professional Fees, and Claims Arising from Rejection of Executory Contracts and Unexpired Leases, *In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 846 (Bankr. D. Wyo. Mar. 2, 2018).

## V. ARGUMENT

"[W]hen a case has been referred to a bankruptcy court, the district court may withdraw that reference from the bankruptcy court's jurisdiction." *Cook v. Eastern Sav.*

3

*Bank (In re Cook)*, Case No. 09-cv-803, 2010 WL 1734737, 2010 U.S. Dist. LEXIS

51541 at *5 (D.N.M. Apr. 19, 2010).   "The district court may withdraw, in whole or in

part, any case or proceeding referred under this section, on its own motion or on timely

motion of any party, for cause shown."  28 U.S.C. § 157(d).

Seven factors are relevant to whether there is cause to withdraw the reference: "(1)

whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in

bankruptcy administration; (4) economical use of the debtors' and creditors' resources;

(5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process;

and (7) the presence of a jury demand."  *In re Cook*, 2010 WL 1734737, 2010 U.S. Dist.

LEXIS 51541 at *6–7; *Baer v. Persels & Assocs. LLC (In re Chance)*, Case No. 12-ap-

7059, 2013 WL 501392, 2013 Bankr. LEXIS 508 at *4 (Bankr. Kan. Jan. 16, 2013),

*adopting report and recommendation*, 2013 WL 501413, 2013 U.S. Dist. LEXIS 16569

(D. Kan. Feb. 6, 2013); *Mosier v. Callister, Nebeker, & McCullough*, Case No. 2:06-cv-

677, 2007 WL 951549, 2007 U.S. Dist. LEXIS 21984 at *16 (D. Utah Mar. 26, 2007);

*see also Morris v. Persels & Assocs, LLC (In re Good)*, Case No. 10-13160, 2012 WL

3066885, 2012 Bankr. LEXIS 3468 at *6–12 (Bankr. D. Kan. July 27, 2012), *adopting*

*report and recommendation*, 2012 WL 3644965, 2012 U.S. Dist. LEXIS 120087 (D.

Kan. Aug. 24, 2012).

Here, this Motion is timely, and there is cause to withdraw the reference because

all factors support withdrawal.

## A.    The Motion Is Timely.

The Motion is timely because Homeland is filing it contemporaneously with its response to the Fraudulent Transfer Complaint.

"The Judicial Code provides no bright line rule regarding time for filing a motion to withdraw a reference." *Transcon. Refrigerated Lines, Inc. v. New Prime, Inc.*, 2013 U.S. Dist. LEXIS 157958, *10 (M.D. Pa. Nov. 5, 2013). "[C]ourts have judged the timeliness of such motions by looking at when the movant first became aware of the facts or circumstances making withdrawal possible under § 157(d)." *In re Allegheny Health Education and Research Foundation*, 2006 U.S. Dist. LEXIS 91548, *4–5 (W.D. Pa. Dec. 19, 2006) (*citing In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)).

For this reason, if a party files the motion to withdraw the reference "the same day" as it "enter[s] its appearance in the case," the motion is timely. *In re Chance*, 2013 WL 501392, 2013 Bankr. LEXIS 508 at *3.

However, filing with the first appearance is not required. Timeliness requires only that the motion "is filed at the 'first reasonable opportunity.'" *In re Lissner Corp.*, 115 B.R. 604, 608 (N.D. Ill. 1990); *In re Baldwin-United Corp.*, 57 B.R. 751, 753 (S.D. Ohio 1985). A motion for withdrawal is timely if it is not filed for a week. *In re Cook*, 2010 WL 1734737, 2010 U.S. Dist. LEXIS 51541 at *5–6 (holding the "motion for withdrawal was timely" because it was filed "just over a week after the Trustee abandoned all remaining property of the estate").

The timeliness requirement can be satisfied even when it took a year to file the motion, especially when there has been no prejudice to the other parties. *Burger King*

*Corp. v. B-K of Kansas, Inc.*, 64 B.R. 728, 730–31 (D. Kan. 1986) (although parties seeking withdrawal based upon federal law implicated by their own counterclaims waited for ten months after the counterclaims were filed before filing a motion to withdraw the reference, the motion was nonetheless timely where there was no prejudice to other party); *see also Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397, 402 (S.D.N.Y. 1986) (in the absence of prejudice, defendants' motion to withdraw reference was timely although filed more than one year after complaint and after defendants had already pursued unsuccessful motion to dismiss); *In re Lissner Corp.* 115 B.R. at 608, 611 (holding that motion to withdraw filed seven weeks after trustee provided notice of grounds for withdrawal to be timely).

The Motion is timely because it is filed contemporaneously with (or nearly so) Homeland's first response to the Fraudulent Transfer Complaint.  Hence, no party could be prejudiced.

### B.      Although this Is a Core Proceeding, this Factor Favors Withdrawal Because the Bankruptcy Court Cannot Enter Final Rulings.

The fraudulent transfer claims are admittedly core.  Nevertheless, because the Bankruptcy Court cannot enter final rulings, the reference should be withdrawn.

"Core proceedings are those that have no existence outside of bankruptcy."  *In re Good*, 2012 WL 3066885, 2012 Bankr. LEXIS 3468 at *8.  Fraudulent transfer claims are declared core proceedings by statute.  28 U.S.C. § 157(b)(2)(H).  Often, this would weigh in favor of not withdrawing the reference.

Not here.  Even though the claims are statutorily core, bankruptcy courts lack the constitutional authority to enter final rulings on them.  *Stern v. Marshall*, 564 U.S. 462,

492 n.7 (2011) ("Our conclusion was that . . . Congress could not constitutionally assign

resolution of the fraudulent conveyance action to a non-Article III court."); *Executive*

*Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172, 2174 (2014) ("The Court of

Appeals held, and we assume without deciding, that the fraudulent conveyance claims in

this case are *Stern* claims."); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1953

(2015) (Roberts, C.J., dissenting) ("Sharif contends that Wellness's alter ego claim is

more like an allegation of a fraudulent conveyance, which this Court has implied must be

adjudicated by an Article III court."); *Loveridge v. Hall (In re Renewable Energy*

*Development Corp.)*, 792 F.3d 1274, 1280 (10th Cir. 2015) ("*Stern* seemed to suggest

that fraudulent conveyance cases involve private rights and thus are of the sort that

(absent consent) must be decided in Article III courts.").

    Lack of authority to enter final rulings is critical.  It undercuts the fact that the

claim is technically core and instead weighs in favor of withdrawing the reference.

> [A]fter *Stern*, one can still apply the *Orion* but not looking at whether the
> matter can be classified as 'core' under 28 U.S.C. § 157, but rather at
> whether, under *Stern*, the Bankruptcy Court has the final power to
> adjudicate it.  If it does not have that power, there will be no advantage to
> allowing the matter to be heard in Bankruptcy Court, because this Court
> will eventually need to review the Article I Court's determinations *de novo*
> review—i.e., as the statute would have them treated if they were 'non-core.'
> Thus, where the Bankruptcy Court lacks final adjudicative authority, the
> remaining *Orion* considerations will often tend to point toward withdrawal .
> . . .".

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467

(S.D.N.Y. 2011); *see also In re Good*, 2012 WL 3066885, 2012 Bankr. LEXIS 3468 at

*8 ("[W]hether a matter is a core proceeding or not, a court should also consider whether

it can enter final judgment or if it is limited to making proposed findings and conclusions

DM1\8894010.1

for the District Court's review under Fed. R. Bankr. P. 9033."); *Mosier*, 2007 WL

951549, 2007 U.S. Dist. LEXIS 21984 at *20 (When the "Defendants are entitled to a

jury trial[,] . . . whether the proceeding is core or non-core is largely irrelevant.").

Because the Bankruptcy Court cannot enter final rulings on the claims, withdrawal

is appropriate.

### C.    Homeland's Right to a Jury Trial Favors Withdrawal.

Homeland has the right to a jury trial on the claims in the Fraudulent Transfer

Complaint.  The Bankruptcy Court cannot conduct a jury trial, so this factor favors

withdrawal.

#### 1.    Homeland Has the Right to a Jury Trial.

"[T]he right to a jury trial in the federal courts is to be determined as a matter of

federal law . . . ."  *Simler v. Conner*, 372 U.S. 221, 222 (1963); *see also Mile High Indus.*

*v. Cohen*, 222 F.3d 845, 855–56 (10th Cir. 2000).  This is true regardless of whether the

claim arises under state law or whether state law provides a jury trial right.  *Mile High*

*Indus.*, 222 F.3d at 856; *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 240 (2d Cir.

2001); *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 230 (8th Cir. 1996).

Here, Homeland has the right to a jury trial.  The Trust alleges two claims in the

Fraudulent Transfer Complaint, both for fraudulent transfer.  Complaint, ECF No. 1 at

pp. 4, 6.  A defendant in a fraudulent transfer action has the right to a jury trial.[1]

*Granfinanciera v. Nordberg*, 492 U.S. 33, 36 64–65 (1989); *Deeba v. McGinnis (In re*

---

[1]    Technically, *Granfinanciera* addressed situations only where the party "has not
submitted a claim against the bankruptcy estate . . . ."  *Granfinanciera*, 492 U.S. at 36.
That is the situation here.  Homeland has not filed a proof of claim against the estate.

8

*Macco Props.)*, Case No. 10-16682, 2016 Bankr. LEXIS 604 at (Bankr. W.D. Okla. Feb.

25, 2016) (recognizing that "the right to a trial by jury [for these actions] was preserved

under the Seventh Amendment of the United States Constitution"); *Rodriguez v.*

*Aichinger (In re Aichinger)*, Case No. 15-cv-00188, 2015 WL 790536, 2015 U.S. Dist.

LEXIS 21419 at *3–6 (D. Colo. Feb. 23, 2015).

Here, also, Homeland has a right to a jury trial on the Complaint.

### 2.    The Right to a Jury Trial is Cause to Withdraw the Reference.

Homeland's jury trial right favors withdrawing the reference because the

Bankruptcy Court cannot conduct the jury trial.

"[A] right to a jury trial may constitute cause for withdrawal of the reference."

*Good*, 2012 WL 3066885, 2012 Bankr. LEXIS 3468 at *6–7, *9–10.  Bankruptcy courts

cannot hold jury trials without all parties' consent.  28 U.S.C. § 157(e); *Cook*, 2010 WL

1734737, 2010 U.S. Dist. LEXIS 51541 at *8; *Good*, 2012 WL 3066885, 2012 Bankr.

LEXIS 3468 at *6–7, *9–10.  Thus, if not all parties consent, withdrawing the reference

is required to allow the exercise of that right in the District Court.  *Cook*, 2010 WL

1734737, 2010 U.S. Dist. LEXIS 51541 at *8; *In re Good*, 2012 WL 3066885, 2012

Bankr. LEXIS 3468 at *6–7, *9–10; *see also Miller v. Pierce*, Case No. 09-cv-96, 2009

WL 919441, 2009 U.S. Dist. LEXIS 55566 at *3–4 (E.D. Okla. Mar. 31, 2009).

Here, Homeland does not consent to the Bankruptcy Court conducting a jury trial.

Because the Bankruptcy Court cannot do so, the reference should be withdrawn.

Case 18-cv-00121-AB Document Entered 07/30/18 Page 15 of 21
Case 18-cv-00121-AB Document Entered 07/30/18 Page 15 of 21 Desc Main
Document    Page 15 of 21

**D.    The Efficient Use of Judicial and Party Resources Favors Withdrawing the Reference.**

Judicial economy and economical use of the parties' resources favor an immediate withdrawal of the reference because the Bankruptcy Court cannot conduct a jury trial and cannot enter final orders.

"Discovery and pre-trial matters are best conducted and resolved in accordance with the procedures of the court that will ultimately hear the case." *Bonney v. Vanguard Fiduciary Trust Co. (In re Owens),* Case No. 14-ap-08017, 2015 Bankr. LEXIS 356 at *3 (Bankr. E.D. Okla), *adopting report and recommendation*, 2015 U.S. Dist. LEXIS 10955 (E.D. Okla. Jan. 30, 2015); *see also Envisage Dev. Partners, LLC v. Patch of Land Lending, LLC*, Case No. 17-cv-03971, 2017 WL 4551575, 2017 U.S. Dist. LEXIS 168281 at *9–11 (N.D. Cal. Oct. 11, 2017).  The Bankruptcy Court here cannot preside over the future jury trial in this action.  *See* Part V.C, *supra*.  Thus, "withdrawal of the reference now will conserve judicial resources and will avoid duplication of efforts in th[e] [District] Court and the Bankruptcy Court." *W. Utah Copper Co. v. Bridge Loan Capital Fund, LP*, Case No. 2:10-cv-1039, 2011 WL 52511, 2011 U.S. Dist. LEXIS 1249 at *4 (D. Utah Jan. 6, 2011); *see also Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 713–14 (S.D.N.Y. 2016) ("The reference should be withdrawn because 'unnecessary costs could be avoided by a single proceeding in the district court.'"); *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the [claims in this

adversary proceeding.]"); *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 445 (N.D. Cal. 2016).

Judicial economy also favors withdrawal when, as here, "the bankruptcy judge has no power, absent consent of all parties, to issue a final decision on the[] claims in the bankruptcy proceeding." *In re Cook*, 2010 WL 1734737, 2010 U.S. Dist. LEXIS 51541 at *7; *see also In re Money Ctrs. of Am., Inc.*, 579 B.R. at 714; *Envisage Dev. Partners, LLC*, 2017 WL 4551575, 2017 U.S. Dist. LEXIS 168281 at *9–11; Part V.B, *supra* (explaining why the Bankruptcy Court cannot issue final rulings). In these situations, "[t]he bankruptcy court would only be able to submit proposed findings of fact and conclusions of law to the district court. . . . The district court would then have to review, *de novo*, the bankruptcy court's findings of fact and conclusions of law to which any party objected." *In re Cook*, 2010 WL 1734737, 2010 U.S. Dist. LEXIS 51541 at *7–8. This "secondary review duplicates judicial resources." *Id.* at *8; *see also In re Money Ctrs. of Am., Inc.*, 579 B.R. at 714 ("This extra layer of review can be avoided if the matter is withdrawn to the district court."); *Harris v. Davis (In re John Davis Trucking Co.)*, Case No. 3:17-cv-00096, 2017 WL 2972079, 2017 U.S. Dist. LEXIS 109270, 6-7 (D. Nev. July 12, 2017) ("If withdrawal of the reference is denied, the Court may be required to consider all dispositive motions anew, after the Bankruptcy Court has already held any related proceedings, because the Bankruptcy Court does not have the constitutional authority to finally rule on any of the claims. . . . The first and second factors (judicial efficiency, and delay and cost to the parties) therefore weigh in favor of withdrawal.").

11

Withdrawing an "adversary proceeding . . . in the early stages of discovery" is especially efficient because "the bankruptcy court 'has acquired very little knowledge of the substance of the matter.'" *Dynamic Drywall, Inc. v. McPherson Contrs., Inc.*, Case No. 6:15-cv-1229, 2015 WL 4744501, 2015 U.S. Dist. LEXIS 105858 at *5–6 (D. Kan. 2015) (withdrawing the reference immediately); *In re Owens,* 2015 Bankr. LEXIS 356 at *3; *see also Vacation Vill., Inc. v. Clark Cnty.*, 497 F.3d 902, 914 (9th Cir. 2007). Even if the motion to withdraw the reference is filed after the Bankruptcy Court's "considering . . . [of a] motion to dismiss," the overall efficiency gains from having the case presided over by one court still warrant withdrawal. *In re Cook*, 2010 WL 1734737, 2010 U.S. Dist. LEXIS 51541 at *7.

Here, the Bankruptcy Court has acquired no knowledge of the substance of this case. The insurance policies and the facts relating to their acquisition by the Debtor were not at issue before the Bankruptcy Court. This Motion was filed at the outset of this case, contemporaneously with the filing of the response. No motion practice has taken place, other than two *pro hac vice* motions (ECF Nos. 4–5).

### E.    The Uniform Administration of the Estate Favors Withdrawing the Reference.

The factor of uniform administration of the estate favors withdrawing the reference. "Uniformity of administration is best achieved where the bankruptcy courts are permitted to address matters that have factual and legal issues in common with the bankruptcy action." *Northen v. Windsor Invs. of N.C., LLC*, No. 1:16CV1023, 2017 U.S. Dist. LEXIS 2742, at *10 (M.D.N.C. Jan. 9, 2017) (citing *ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-CV-361-BO, 2012 U.S. Dist.

LEXIS 186666, *3 (E.D.N.C. Sep. 27, 2012); *see also Roberts v. Roberts (In re Roberts)*, No. 5:14-mc-00157, 2015 U.S. Dist. LEXIS 26368, at *8 (S.D. W. Va. Feb. 24, 2015) (granting withdrawal of the reference where the District Court had already handled a similar matter).

Here, the confirmation of the bankruptcy plan effectively completed administration of the estate, and the property of the estate has been vested elsewhere. *See* 11 U.S.C. § 1141(d)(1)(A) ("[T]he confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . ."). The resolution of the claim will at most have the effect of augmenting the bankruptcy estate; it will have no impact that would require uniform, coordinated adjudication before the Bankruptcy Court. *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 473 (S.D.N.Y. 2011). Moreover, the District Court already has a closely related action before it, the Coverage Litigation. Therefore, this factor weighs in favor of withdrawing the reference. *Money Ctrs. of Am.*, 2016 U.S. Dist. LEXIS 23051 (withdrawal granted where uniformity of bankruptcy administration was not relevant).

Therefore, there is no danger of non-uniform administration. Moreover, the Fraudulent Transfer Complaint does not even name the Debtor as a defendant.

### F.    Withdrawing the Reference Is Not Forum Shopping Because Defendant Filed the Motion Before any Adverse Decisions and Because There Is a Related Action Already Pending in the District Court.

Withdrawal of the reference does not constitute forum shopping.

Timely motions to withdraw the reference reduce the likelihood of forum shopping. *See Burdette v. Emerald Partners LLC*, 2015 U.S. Dist. LEXIS 93127, *8

(W.D. Wash. July 16, 2015).  This Motion is timely for the reasons already discussed.
*See* Part V.A, *supra*.

Forum shopping exists where parties "exert inordinate effort for the purpose of
seeking not merely a fair trial but a forum they consider more receptive to their cause,
and [it] requires courts to squander public resources in adjudicating the propriety of
manipulative efforts to gain access to the forum considered most hospitable to the
litigants' interests."  *Cummings v. United States*, 648 F.2d 289, 290 (5th Cir. 1981).
Accordingly, courts have found forum shopping in a motion to withdraw the reference
when the motion to withdraw followed adverse decisions in the bankruptcy court.   Here,
the Bankruptcy Court has issued no adverse decisions.

As already explained, the aim of the Motion is to allocate resources efficiently, not
squander them.  The jury trial must proceed in the District Court, not in the Bankruptcy
Court.  *See* Part V.C, *supra*.  "Because the Bankruptcy Court cannot enter final judgment
on the fraudulent conveyance claims, withdrawal does not promote forum shopping."
*Brown Publ. Co. Liquidating Trust v. Brown*, Case No. 15-mc-0531, 2017 WL 455418,
2017 U.S. Dist. LEXIS 14775 (E.D.N.Y. Feb. 1, 2017); *In re Bill Johnson's Rests., Inc.*,
Case No. 2:14-cv-00872, 2017 WL 25288, 2016 U.S. Dist. LEXIS 180701 (D. Ariz. Dec.
30, 2016) (no forum shopping when a right to a jury trial exists); *Flemmer v. Newell (In
re Vill. Concepts, Inc.)*, Case No. 2:14-cv-0021, 2014 U.S. Dist. LEXIS 38751 (E.D. Cal.
Mar. 23, 2014) (no forum shopping when only the District Court has a right to enter a
final order); *In re The VWE Grp., Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007)
("[W]ithdrawing the reference will not result in forum-shopping because, due to [the]

14

defendants' demand for a jury trial on this non-core claim, the parties have no choice but to try the case in this court."); *Kirschenbaum v. Fed. Ins. Co. (In re Ems Fin. Servs., LLC)*, 491 B.R. 196, 206 (E.D.N.Y. 2013) ("[T]here is no evidence [of] forum shopping. Quite the contrary: . . . given that the claims at issue are all non-core, this case involves a non-core proceeding that could have and probably should have been brought in a district court originally.").

What's more, allowing this case to remain in Bankruptcy Court would encourage forum shopping. The Complaint is founded on the Coverage Litigation. *Goldstein v. Homeland Ins. Co.*, Case No. 18-ap-02021, ECF No. 1 at ¶¶ 4, 11 (Bankr. D. Wyo. May 15, 2018). That Coverage Litigation was filed more than a year before the bankruptcy proceeding. *Compare* Request for Judicial Notice, Exhibit A, *Homeland Ins. Co. of New York v. Powell Hosp. Dist.*, Case No. 1:15-cv-00031, ECF No. 1 (D. Wyo. Feb. 27, 2015 *with In re Powell Valley Health Care, Inc.*, Case No. 2:16-bk-20326, ECF No. 1 (Bankr. D. Wyo. May 16, 2016). Thus, it is the District Court that is the original forum for this proceeding. The Trust's attempt to get this matter—a litigation not involving the Debtor-to the Bankruptcy Court is forum shopping.

## VI.  CONCLUSION

For the foregoing reasons, the District Court should withdraw the reference and should preside over this action.

Dated:  July 30, 2018                    /s/Patrick T. Holscher
                                                Patrick T. Holscher (5-2724)
                                                Judith Studer (5-2174)
                                                SCHWARTZ BON WALKER & STUDER, LLC
    141 South Center Street, Suite 500
    Casper WY 82601
    (307) 235-6681 (Office)
    (307) 234-5099 (Fax)

    *Attorneys for Homeland Insurance Company of*
    *New York*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

    /s/Patrick T. Holscher
    Patrick T. Holscher