Jamie N. Cotter
SPENCER FANE LLP
1700 Lincoln Street
Suite 2000
Denver, CO  80203
(303) 839-3826
(303) 839-3838 facsimile
jcotter@spencerfane.com

Zachary R.G. Fairlie, *pro hac vice*
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
(816) 292-8223
zfairlie@spencerfane.com

Jon M. Moyers WSB #6-3661
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900
(406) 655-4905 facsimile
jon@jmoyerslaw.com

**Attorneys for Plaintiff**

Robert John Walker
HICKEY & EVANS
1800 Carey Avenue, Suite 700
PO Box 467
Cheyenne, WY  82003
(307) 634-1525
(307) 638-7335 facsimile
rwalker@hickeyevens.com

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SCOTT J. GOLDSTEIN, Personal Injury Trustee for Powell Valley Healthcare, Inc. Personal Injury Trust  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>WYOMING FINANCIAL INSURANCE, INC.,  )<br>)<br>Defendant.  ) | Cause No.  18-CV-00121-ABJ<br><br>**JOINT REPORT OF MEETING<br>and<br>PROPOSED JOINT DISCOVERY<br>AND CASE MANAGEMENT<br>PLAN** |

The following report is made to the Court pursuant to the Court's August 2, 2021 Order Requiring Joint Report of Meeting and Proposed Joint Discovery and Case Management Plan and Setting Initial Pretrial Conference (Doc. 37), Federal Rule of Civil Procedure 26(f), and Local Civil Rule 26(f):

1.     **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel for each party or any unrepresented *pro se* individual who attended.  The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.**

The Rule 26(f) conference was held via messages and emails the week of August 30, 2021 and finalized by the parties on September 3, 2021 by their counsel and staff:

**Plaintiff**:
Jon M. Moyers WSB #6-3661
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900
(406) 655-4905 fax
jon@jmoyerslaw.com

Page 2

**Defendant**:
Robert John Walker
Hickey & Evans
1800 Carey Avenue, Suite 700
PO Box 467
Cheyenne, WY 82003
(307) 634-1525
(307) 638-7335 facsimile
rwalker@hickeyevens.com

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

*Scott Goldstein, Personal Injury Trustee for the Personal Injury Trust for Powell Valley Healthcare, Inc. v. Wyoming Financial Insurance, Inc.* (Parky County, WY, Civil Case No. 29125). This state lawsuit relates to allegations of breach of contract, negligence and breach of fiduciary duty between the same parties arising out of the same or similar nexus of events as the federal lawsuit, specifically the failure of Defendant Wyoming Financial to have adequately secured professional liability insurance for Powell Valley Healthcare for the August 1, 2013 and August 1, 2014 policy year. This case is set for trial to commence on October 25, 2021 before Judge Fenn.

3. **Briefly describe what this case is about.**

Plaintiff Goldstein filed the instant lawsuit in Bankruptcy Court, which case was then transferred to this Court. In summary, Plaintiff Goldstein asserts fraudulent transfer or transfer avoidance pursuant to the Uniform Fraudulent Transfer Act ("UFTA") of the State of Wyoming, Wyo. Stat. § 34-14-201, 11 U.S.C. § 544(b), and 11 U.S.C. § 550(a)(1) related to insurance premiums paid for professional liability insurance coverage that was then subsequently denied when claims were made under the policy. The cause of action for fraudulent transfer arises from Wyoming Financial's alleged failure to secure professional liability insurance for Powell Valley

Page 3

Healthcare Inc. for the August 1, 2013 to August 1, 2014 policy year for claims made against it during that policy year, despite the hospital dutifully paying the policy premiums. Plaintiff Goldstein was assigned this claim by Powell Valley Healthcare as part of its discharge from bankruptcy. Plaintiff Goldstein seeks recovery of the insurance premiums paid for the professional liability policy with Homeland that Wyoming Financial had advised and recommended to the hospital as its broker. Plaintiff Goldstein seeks judgment against Wyoming Financial in an amount equal to the fraudulently transferred premium payments for insurance that was never provided, together with pre-judgment interest, post judgment interest, and costs and attorney's fees to the extent recoverable and all other recoverable monies awarded by a jury and this Court under applicable law.

Defendant, Wyoming Financial, has raised multiple affirmative defenses to Plaintiff's claims, including accord and satisfaction, estoppel, waiver, failure to mitigate, fraud, deceit, and misrepresentation. Specifically, Defendant argues that Plaintiff did in fact secure the requested professional liability policy for the August 1, 2013 to August 1, 2014 policy year. Defendant further asserts that Plaintiff received from Homeland, via settlement and resolution of other claims, substantially more than the premiums paid. Defendant further argues that Homeland's denial of any claims was the result of the actions and inactions of Plaintiff.

4. **Specify the allegations providing the basis for federal jurisdiction**.

This case was initially filed in Bankruptcy Court, which had jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, 1334 and Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court then ordered the case withdrawn from Bankruptcy Court (Doc. 7).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

None.

6. **Discuss whether or not the case is complex. If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling and case management considerations in particular, during the Initial Pretrial Conference.**

    The case is not complex.

7. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None known at this time. The parties propose a deadline of 60 days for any additional parties to be added.

8. **List anticipated interventions.**

    None anticipated.

9. **Describe class-action issues, if any.**

    Not applicable.

10. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe specifically the arrangements that have been made to complete the disclosures.**

    The parties will serve Rule 26(a) disclosures by September 17, 2021.

11. **Describe the proposed agreed discovery plan, including**:

    a. **Responses to all the matters raised in rule 26(f).**

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff will serve interrogatories on Defendant.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant will serve interrogatories on Plaintiff; however, discovery will likely be narrower than the underlying state court action to avoid duplicity.

    **d.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

This will depend on who the Defendant identifies in its Rule 26 initial disclosures, but Plaintiff anticipates deposing Defendant's corporate representative and Brian Sullivan, one of Defendant's prior employees.

    **e.**    **Of whom and by when the defendant anticipates taking oral depositions.**

It is Defendant's position that the timing of depositions will likely be after October 29th – the last day of trial in the underlying action.  Depending on the information provided at trial in the underlying action and Plaintiff's Rule 26 disclosures, Defendant would anticipate deposing Timothy Seeley and William Patten.

    **f.**    **(i)**    **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

180 days from the initial conference with the court.

    **(ii)**    **Specify the date experts for defendant will be designated and their reports provided to the opposing party.**

45 days from the date set for the first designation.  Rebuttal experts then due 15 days from the second designation.

    **g.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Expert depositions will be completed prior to the deadline for response and rebuttal experts.

    **h.**    **Indicate whether the parties have conferred with their clients regarding obligations concerning electronically stored information.  Also identify limitations on discovery of electronically stored information as contemplated by Federal Rule of Civil Procedure 26(b)(2)(B) and the Local Rules of this Court.**

Yes.

        **i.**        **Discuss the scope of limits of planned discovery. Identify how the parties will ensure that anticipated discovery will be proportional to the needs of the case, and address each of those considerations set forth in Rule 26(b) regarding the scope of discovery in general.**

The parties will coordinate discovery to the extent they are able. The parties do not anticipate at this time any discovery issues. To the extent concerns arise, the parties will meet and confer and try to resolve the issues before seeking court intervention. The parties stipulate and agree to utilize discovery and depositions already completed in the state court lawsuit referenced *supra* to the extent applicable in this case to avoid duplication and in the interest of economy and efficiency.

**12.**    **If the parties have not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

See suggested plan above.

**13.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None in this case; however, as noted, the parties will utilize discovery and depositions already completed in the state lawsuit to the extent applicable to this case. The parties will work together to schedule any further depositions after completion of written discovery.

**14.**    **State the date the parties believe planned discovery can reasonably be completed.**

Based on the schedules discussed herein, it is anticipated that initial written discovery will be exchanged within 30 days of the initial conference with the court. Fact witnesses can be deposed within 90-120 days thereafter. Experts will be designated and expert depositions completed in the following 60-90 days. It is anticipated that all discovery can be completed by spring 2022 with expectation of a trial in the late spring or summer of 2022.

**15.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**

The parties mediated the case with Judge Carman on June 28, 2021 without success. The parties have agreed to return to mediation with a private mediator on October 5, 2021.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have engaged in mediation and plan to mediate again on October 5, 2021.

17. **From the attorneys' discussions with the client(s) state the alternative dispute resolution techniques that may be reasonably suitable.**

    Mediation with a private mediator.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff demands trial by jury.

19. **Specify the number of hours it is expected that it will take to present the evidence in this case.**

    Plaintiff submits that their case in chief may take up to 16 hours. Defendant will likely require the same amount of time.

20. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

    There are no pending motions.

21. **List other pending motions, if any.**

    None.

22. **Indicate other matters peculiar of unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

    None anticipated at this time.

23. **Indicate whether the parties anticipate any amendments to the pleadings.**

    None anticipated at this time.

24. **List the names, bar numbers, address, email addresses and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for**

all parties and unrepresented *pro se* litigants.

**Counsel for Plaintiff:**
Jamie N. Cotter
SPENCER FANE LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203
(303) 839-3826
(303) 839-3838 facsimile
jcotter@spencerfane.com

Zachary R.G. Fairlie, *pro hac vice*
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 292-8223
zfairlie@spencerfane.com

Jon M. Moyers WSB #6-3661
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900
(406) 655-4905 fax
jon@jmoyerslaw.com

**Counsel for Defendant:**
Robert John Walker
HICKEY & EVANS
1800 Carey Avenue, Suite 700
PO Box 467
Cheyenne, WY 82003
(307) 634-1525
(307) 638-7335 facsimile
rwalker@hickeyevens.com


   /s/ *Jon M. Moyers*
Jon M. Moyers, Counsel for
Plaintiff                                              Date: September 3, 2021

   /s/ *Robert John Walker*
Robert John Walker, Counsel for
Defendant                                              Date: September 3, 2021

Page 9